IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01077-MSK-MJW

DR. TANIA ORZYNSKI, and individual,

Plaintiff,

v.

JOHN DOE,

Defendant(s).

---

### MINUTE ORDER

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Plaintiff Dr. Orzynski's Request for Forthwith Ruling, and if Necessary a Forthwith Hearing, on Her Ex Parte Motion for Order Authorizing Discovery from AOL LLC and Requiring Preservation of Evidence (Docket No. 5) is **granted**. It is further

**ORDERED** that the plaintiff's Ex Parte Motion for Order Authorizing Discovery from AOL LLC and Requiring Preservation of Evidence (Docket No. 2) is **denied**. Pursuant to Fed. R. Civ. P. 45(a)(2)(C), "[a] subpoena must issue as follows: . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Here, plaintiff seeks documents from AOL LLC in Dulles, Virginia, and thus plaintiff's subpoena does not comply with Rule 45(a)(2)(C). See Spratt v. Leinster, 2007 WL 1834035 (D. Colo. June 25, 2007) ("Plaintiff has issued a subpoena from the District of Colorado for production in Vancouver, British Columbia. This fundamental flaw requires that the subpoena be quashed, because this Court has no authority to enforce such a subpoena."); Echostar Communications Corp. v. News Corp. Limited, 180 F.R.D. 391, 396-97 (D. Colo. 1998). See also City of St. Petersburg v. Total Containment, Inc., 2008 WL 1995298 (E. D. Pa. May 5, 2008) ("The appropriate focus in this case . . . is not address of production written on the subpoena, but the location of the documents requested, and whether or not they are in the control of a respondent within the district of the issuing court.").

Date: June 23, 2008